## HARRELL *vs.* STATE.

ASSAULT WITH INTENT TO MURDER, FROM MUSCOGEE.   Criminal Law.   Police Officers.   Arrest.   Evidence.   (Before Judge Willis.)

Jackson, C. J.—1.   Policemen ought to assist each other in arrests, and when one hails another to stop a man running to a bridge which carries him into another jurisdiction, it is the duty of the latter to seize and arrest the fugitive, and if, with a knife already open in his hand, he cut at the first man who tried to stop him, and then cut the hand of the policeman which seized and held him, and then made another blow with the knife to stab him again, which he escaped only by jumping out of the way, the facts are sufficient to uphold a verdict of assault with intent to murder.

2.   A charge that a policeman may arrest without warrant for disorderly conduct or other violation of city ordinances, or for crime, in order to prevent escape, is not error, and to refuse a request antagonizing these principles of law is not error.   In such a case, to attempt to kill the policeman is an assault with attempt to murder, though no malice toward the policeman be proved other than the use of the weapon likely to produce death upon an officer of the law who lays hands on him as he tries to escape.

(a ) The points ruled and opinions expressed in the above two divisions are sustained in 17 Ga., 194; 30 Id., 426; 46 Id., 85; 64 Id., 125; 66 Id., 755; 1 Russ. Cr., 532-3; Whart. Cr. Law, §651; Whart. Hom., §233.

3. It was wholly immaterial whether the policeman was prosecutor or not, it being admitted that he did not wish to prosecute, the grand jury having prosecuted the accused; and there was no error in the Court's refusing to enquire about it by parol testimony or let it go to the jury. The presentment itself would reveal the fact to the jury, if important.

4. A letter read by a witness about the character of the accused from a man to whom the Sheriff told witness he once belonged, does not furnish such evidence of knowledge of his character as will enable the witness to express his opinion thereon to the jury or give in evidence what the letter said. The charge is fair and full and the verdict right·

Judgment affirmed.

B. A. Thornton ; W. A. Little, by brief, for plaintiff in error.

Thomas W. Grimes, Solicitor General, by McNeill & Levy, for the State.